UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　　Defendant. | No. 2:12-cv-00656-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on a motion for summary judgment brought by Defendant Union Pacific Railroad Co. ("Defendant"). (Def. Not. and Mot. Summ. J., ECF No. 21.) Plaintiff Kevin Smith ("Plaintiff") filed a belated opposition on September 20, 2013.[1] (Pl.'s Mem. P.&A. in Response to Def.'s Mot. Summ. J., ECF No. 24.) Plaintiff also requested through his opposition and at the hearing for leave to depose K.C. D. Bone who submitted a declaration in support of Defendant's motion for summary judgment. Defendant opposed Plaintiff's request in its reply brief. (Reply Def. in Supp. Mot. Summ. J., ECF No. 25.) The Court issued a minute order which ordered the parties to address at hearing the effect, if any, of Plaintiff Kevin Smith's

---

[1] Defendant noticed the hearing for summary judgment for October 3, 2013. (ECF No. 21.) Pursuant to Local Rule 230(c), Plaintiff's opposition was due September 19, 2013, which was 14 days before the hearing date. Plaintiff filed his opposition on September 20, 2013.

1

deployment overseas for military service and Plaintiff's request to depose K.C. D. Bone, in addition to the merits of the motion for summary judgment. (Min. Order, ECF No. 26.) The Court held a hearing on October 3, 2013, and submitted the motion. (Mins., ECF No. 27.) As set forth below, the Court GRANTS Plaintiff's request to depose K.C. D. Bone. The Court DENIES Defendant's motion for summary judgment, without prejudice to renew the motion after the completion of Mr. Bone's deposition.

## BACKGROUND

Plaintiff worked for Defendant in January 2009 when he slipped and fell on the Defendant's premises in Elko, Nevada, during a snowstorm. (Pl.'s Response Def.'s Sep. Stmt. Undisp. Facts, ECF No. 24-1 at ¶¶ 1–2.) He subsequently brought this action against Defendant pursuant to the Federal Employers' Liability Act seeking redress for his injuries. (Compl., ECF No. 1.)

The Court issued its scheduling order on June 19, 2012. (Status Pretrial Sched. Order, ECF No. 12.) In that order, this Court ordered

> All discovery shall be completed by June 26, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

(ECF No. 12 at 1:22–28.)

In May 2013, the parties, in the spirit of cooperation, met and conferred with respect to the identity of relevant witnesses to depose. (ECF No. 24 at 5:15-21, 6:2–5.) During those conversations, however, Defendant apparently did not disclose the identity of Mr. Bone, the manager of track maintenance in charge of snow removal for Defendant's Elko yard and parking lot. (ECF No. 24 at 5:15–21.) Defendant did, however, eventually disclose Mr. Bone's identity in July 2013 via a written supplement to its initial disclosures. (Def.'s Suppl. Initial Discl. Stmt., ECF No. 25-1.) Defendant served this disclosure after the discovery cutoff deadline. (*See* ECF No. 12.) Despite the Defendant's supplemental disclosure, it appears that Plaintiff's counsel, Mr. Seely, did not become aware of Mr. Bone until after Defendant filed its motion for summary

1  judgment which contained a declaration from Mr. Bone.  (ECF No. 24 at 6:1–5.)  Mr. Seely,
2  apparently caught off guard as to Mr. Bone's identity, learned that Defendant had, in fact,
3  supplemented its disclosures albeit after the discovery cutoff deadline.  (ECF No. 24 at 5:22–6:5.)
4  Mr. Seely generally conceded that he is not in a position to complain about the late disclosure
5  because the parties had agreed to conduct discovery beyond the Court's discovery cutoff
6  deadline.  (ECF No. 24 at 5:26–28 ("Plaintiff does not primarily contend [Mr. Bone] should be
7  stricken because he was disclosed after the discovery period as the parties worked cooperatively
8  to schedule and coordinate discovery."); *but see* ECF No. 24 at 6:8–10 ("Plaintiff alternatively
9  moves to strike Mr. Bone's affidavit because Defendant did not reasonably supplement its
10 disclosures.").)

## ANALYSIS

12 Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Rule 56(d)
13 provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it
14 cannot present facts essential to justify its opposition, the court may: (1) defer considering the
15 motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3)
16 issue any other appropriate order."

17 Plaintiff, the nonmoving party, submits the declaration of Mr. Seely stating that he cannot
18 present facts to oppose summary judgment without deposing Mr. Bone.  Specifically in his
19 response to the undisputed facts and law, Plaintiff identifies Mr. Bone as a witness needed to
20 controvert facts regarding Defendant's procedures and response to snow and icy conditions
21 including snow removal, applications of sand and salt in the parking lot and walkways,
22 inspections and monitoring of snowfall, and track maintenance.  (*See* ECF No. 24-1 at ¶¶ 9–12.)

23 Defendant argues that the Court should deny Plaintiff's request to depose Mr. Bone
24 because Plaintiff failed to make a timely request for relief and filed his opposition to summary
25 judgment one day late.  Defendant further argues that even if the Court entertains Plaintiff's
26 request to depose Mr. Bone, Plaintiff has not shown good cause to reopen discovery because
27 Defendant disclosed Mr. Bone in July and filed its motion for summary judgment in August,
28 whereas Plaintiff did not seek to depose Mr. Bone until September.

  Mr. Seely's opposition contains several excuses for his conduct including that he did not discover his client was deployed overseas until shortly before his opposition was due, that his late night legal research resulted in filing his opposition a few hours after the deadline, and that he did not discover the identity of Mr. Bone because Defendant did not timely disclose his identity. (ECF No. 24 at 2:9–10, 3:26–28 n. 2, 6:6–10.)

  Defendant's argument that Mr. Seely has been dilatory in filing his opposition, discovering witnesses, and requesting the Court for relief has some persuasive force. A lawyer has an ethical duty to communicate with his client. Cal. R. Prof. Conduct 3-500. A lawyer also has a duty to file documents on time, or to timely request relief from the Court. L.R. 144 (governing extensions of time). Therefore, the Court is not sympathetic to Mr. Seely's general excuses that he "learned shortly before the response date" that his client's whereabouts had changed or that his legal research extended late into the night on the date his opposition was due.

  On the other hand, it appears to the Court that both parties share some blame with respect to the late disclosure of the identity of Mr. K.C. D. Bone. Both parties agreed to continue discovery beyond the cutoff without seeking Court approval. However, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 26(b)(4). Since both parties failed to seek Court approval to extend the discovery cutoff date, the Court will exercise its discretion in the interests of justice and equity to permit Plaintiff to depose Mr. Bone after the discovery cutoff date because Defendant only disclosed his identity after the discovery cutoff date.

  To be clear, no other discovery shall be permitted after the deposition of K.C. D. Bone. The deposition of Mr. Bone is the only additional discovery that Plaintiff has requested and identified in his opposition to summary judgment. Neither party has argued or demonstrated that good cause exists for extending the discovery cutoff for any other purpose. Furthermore, the Court admonishes Mr. Seely that while the specific circumstances presented to the Court justify this Rule 56(d) order, the Court shall not accept any further belated filings or excuses for delay absent a showing of good cause that is provided prior to the expiration of the applicable deadline. *See* L.R. 110 (governing sanctions), 144 (governing extensions of time).

Therefore, it is HEREBY ORDERED:

1. Defendant's Motion for Summary Judgment (ECF No. 21) is DENIED with leave to refile the motion as set forth below.
2. Plaintiff's request to depose K.C. D. Bone is GRANTED.  The deposition shall be conducted as soon as practicable but in any event, no later than November 15, 2013.  The deposition shall be conducted via telephone and limited to three hours.[2]
3. No later than 28 days after the conclusion of Mr. Bone's deposition, Defendant may renew its motion for summary judgment.[3]  Plaintiff's opposition to summary judgment is due no later than 14 days after service of Defendant's motion for summary judgment.[4]  Defendant may file its reply no later than 7 days after service of the opposition.
4. Upon filing of Defendant's reply, Defendant's renewed motion for summary judgment shall be deemed submitted on the briefs and no hearing shall be required.
5. Further violations of this Court's orders, the Local Rules, or the Federal Rules of Civil Procedure may subject the offending party to sanctions.

**IT IS SO ORDERED.**

Dated: October 10, 2013

Troy L. Nunley
United States District Judge

---

[2] These conditions are based on Mr. Seely's representations to the Court at hearing that the time needed to fairly depose Mr. Bone would not be more than a few hours.

[3] Defendant may seek an extension of time to file its motion if there are any deposition transcription issues or corrections.

[4] The additional time provided in Federal Rule of Civil Procedure 6(d) applies to these deadlines.