UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH, | No. 2:12-cv-00656-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

This matter is before the Court on a motion for summary judgment brought by Defendant Union Pacific Railroad Co. ("Defendant" or "Union Pacific"). (Def. Not. and Mot. Summ. J., ECF No. 29.) Plaintiff Kevin Smith ("Plaintiff") filed an opposition on December 30, 2013. (Pl.'s Mem. P.&A. in Response to Def.'s Mot. Summ. J., ECF No. 30.) Defendant filed a reply in response to Plaintiff's Response on January 3, 2014. (Def's Reply, ECF No 32.)[1]  The Court has carefully considered the briefing supplied by both parties. For the reasons set forth below, Defendant's Motion for Summary Judgment (ECF No. 29) is hereby GRANTED.

///

---

[1] On January 10, 2014, Plaintiff filed a Motion for Leave to File Sur-Reply (ECF No. 33) and Defendant opposed Plaintiff's motion (Def's Opp'n to Motion for Sur-Reply, ECF No. 34).  Because the arguments contained within these motions are not relevant to the Court's decision, Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33) is hereby DENIED.

1

**I.     BACKGROUND**

Plaintiff was hired by Defendant in February of 1995. (*See* Greenidge Decl. in Supp. of Def.'s Mot. for SJ, Ex. C. Pl's Dep., ECF No. 29-3 at 17:25–18:02.) Plaintiff worked as a brakeman-switchman until June of 1995, when he was "promoted to go into engine service." (Pl's Dep., ECF No. 29-3 at 18:3–13.) After being promoted into engine service, Plaintiff worked as a through freight locomotive engineer until he was promoted into management in 2005. (Pl's Dep., ECF No. 29-3 at 11:19–21; 18:07–18.) After completing manager training in 2006, Plaintiff was promoted to Manager of Yard Operations ("MYO"). (Pl's Dep., ECF No. 29-3 at 11:19–21.)

Near the end of 2008, Union Pacific temporarily assigned Plaintiff to work a derailment near Elko, Nevada. (Pl's Dep., ECF No. 29-3 at 43:06–13.) Plaintiff arrived in Elko on or about December 31, 2008. (Pl's Dep., ECF No. 29-3 at 48:09–12.) During the first two weeks that Plaintiff was in Elko, the weather was snowy and icy. (Pl's Dep., ECF No. 29-3 at 56:25–57:6; 66:2–10; 67:23–68:9; 105:2–5; 125:13–126:5.) On January 15, 2009, the third week of Plaintiff's employment in Elko, Plaintiff reported to work as a post derailment supervisor. (Compl., ECF No. 1 at ¶ 7.) Plaintiff was aware of snow falling in quantities sufficient to cause him to turn on his windshield wipers as he drove to the Elko Yard. (Reply to Def's Statement of Undisputed Facts ("SUF"), ECF No. 30-1 at ¶ 1.) At or around 5:50 a.m., Plaintiff "got out of his vehicle, planted his feet, turned to close the door, and slipped on ice that was on the ground." (ECF No. 30 at 4 (citing Pl's Dep., ECF No. 29-3 at 64–65); *see also* Pl's Reply to Def's SUF, ECF No. 30-1 at ¶¶ 1, 15–16.) Plaintiff struck his head, laid on the ground for some time, got up, saw stars, and felt dizzy and groggy. (ECF No. 30 at 4 (citing Pl's Dep., ECF No. 29-3 at 64–65).)

Plaintiff subsequently brought this action against Defendant pursuant to the Federal Employers' Liability Act (FELA) seeking redress for his injuries. (ECF No. 1.) Plaintiff's Complaint alleges that Defendant was negligent under FELA because it failed to provide a safe work environment. (ECF No. 1 at ¶ 8–9.) Plaintiff seeks damages for: (1) physical pain and suffering and mental anguish in the past and future; (2) lost earnings; (3) past and future medical expenses; (4) past and future physical impairment; (5) past and future physical disfigurement; and (6) reasonable and necessary vocational rehabilitation services in the future. (ECF No. 1 at ¶ 10.)

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists, and therefore, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotations omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

**III.   ANALYSIS**

FELA makes railroads liable for any "injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment" suffered by the railroad's employees. 45 U.S.C.A. § 51 (West). To recover on a FELA claim, a plaintiff must establish: (1) that the railroad was negligent under FELA; (2) that the railroad's negligence caused the plaintiff's injuries; and (3) that his injuries were reasonably foreseeable to the railroad. *Adams v. CSX Transp. Inc.*, 899 F.2d 536, 539 (6th Cir. 1990) (citation omitted). Defendant contends that Plaintiff cannot establish negligence, the first prong.

The standard of care in an FELA action is as follows: "The employer is not held to an absolute responsibility for the reasonably safe condition of the place, tools, and appliances, but

only to the duty of exercising reasonable care to that end." *Baltimore & O.S.W.R. Co. v. Carroll*, 280 U.S. 491, 496 (1930); *see also Atl. Coast Line R. Co. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951) ("The employer's duty to its employees is to use reasonable care and prudence to the end that the place in which they are required to work, and the appliances with which they work, are reasonably suitable and safe for the purpose, and in the circumstances, in which they are to be used. The test is not whether the tools to be used and the place in which the work is to be performed are absolutely safe, nor whether the employer knew the same to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe.").

Although the Ninth Circuit has not spoken on this matter, the prevailing holding among other circuit courts is that railroads generally are not liable to their employees for injuries resulting from temporary weather conditions such as ice and snow. *Raudenbush v. Baltimore & O.R. Co.*, 160 F.2d 363, 366 (3d Cir. 1947); *McGivern v. Northern Pac. Ry. Co.*, 132 F.2d 213, 217 (8th Cir. 1942); *Detroit, T & I. R. Co. v. Banning*, 173 F.2d 752, 755 (6th Cir.), *cert. denied*, 338 U.S. 815 (1949); *see also Allen v. Soo Line R. Co.*, No. IP 98-904 C B/S, 2001 WL 1222183, at *6 (S.D. Ind. Apr. 4, 2001); *Stephens v. Metro-N. Commuter R.R.*, 204 A.D.2d 945, 946 (1994). Nonetheless, a railroad company is required to take additional precautions in heavily trafficked areas such as yards and terminals when such temporary climatic conditions exist. *Fort Worth & Denver City Ry. Co. v. Smith*, 206 F.2d 667, 669 (5th Cir. 1953); *Raudenbush*, 160 F.2d at 366–67. "It is of course the duty of an employee to exercise reasonable and ordinary care for his own safety. If the employee's negligence was the sole proximate cause of his injury, he cannot recover." *Atl. Coast Line R. Co.*, 189 F.2d at 527. Where the employer and employee are both guilty of negligence, the employee may recover, but his damages will be diminished in proportion to the amount of negligence attributable to the employee. *Id.* (citing *Louisville & N.R. Co. v. Davis*, 75 F.2d 849 (6th Cir. 1935); *Chesapeake & O. Ry. Co. v. Richardson*, 116 F.2d 860 (6th Cir. 1941); *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 63 (1943)). Where the dangerous condition is created by the employee negligently using, or negligently failing to use, appliances provided by the employer, the employer is not liable. *Id.* (citing *Wood v. Davis*, 290 F. 1 (5th Cir. 1923). "Nor is it actionable negligence that an employer fails to anticipate lack of care

1  on the part of an employee." *Id.* (citing *McGivern v. Northern Pac. Ry. Co.*, 132 F.2d 213, 217
2  (8th Cir. 1942).

3        In the instant action, Plaintiff fell getting out of his vehicle in the parking lot.  Defendant
4  contends that it was not negligent because it had a weather policy which provided periodic and
5  as-needed applications of salt to snowy and icy areas and further that Plaintiff did not avail
6  himself of the snow spikes that Defendant provided for employees.  (ECF No. 29 at 6–7.)  In
7  opposition, Plaintiff alleges that Defendant cannot show that it salted the parking lot and thus
8  adhered to its policy.  (Pl's Reply to Def's SUF, ECF No. 30-1 at ¶¶ 4–5.)  Additionally, Plaintiff
9  contends that although he knew that others wore snow spikes, Defendant never offered him snow
10 spikes or gave him training as to Defendant's weather policy.  (Pl's Reply to Def's SUF, ECF No.
11 30-1 at ¶¶ 6–7.)  Plaintiff avers that upon being sent to Elko, the only contact information he was
12 given was the phone number of Randy Grasmick.  (Pl's Dep., ECF No. 29-3 at 46:17–47:18.)
13 Plaintiff alleges that during his time at Elko, he called Mr. Grasmick numerous times to get
14 information, and that those calls were never returned.  (Pl's Dep., ECF No. 29-3 at 47:19–48:05;
15 119:20–120:08.)

16       At the outset, the Court notes that the parties all agree that the weather was snowy and icy
17 on the morning of January 15, 2009.  The weather at that time of year in Elko consisted of
18 constant snow and ice.  The Court is not apprised of whether Defendant salted the parking lot the
19 day before Plaintiff's accident or not.  Nonetheless, the Court finds that this fact is not dispositive
20 and thus declines to further address this matter.

21       The fact is that Defendant was aware that the weather was hazardous and thus employed
22 the policy of providing its employees snow spikes to help mitigate the inclement weather.  (Pl's
23 Reply to Def's SUF, ECF No. 30-1 at ¶ 1.)  The Court finds Plaintiff's assertions that he was
24 prevented from acquiring snow spikes due to not having the necessary contact information
25 insincere.  Plaintiff testified that prior to working in Elko, he was aware of the need for snow
26 spikes in some job locations and that the company provided them:

27         Okay. I was aware of those products [snow spikes] because I've
        seen them in the machine there in Roseville, but I've never had to
28         use them because I guess those were for the crews that were going-

6

> when they worked going over the mountain. I guess they got the spikes out of the machine in Roseville.

(ECF No. 29-3 at 71:01–06.)  Furthermore, Plaintiff's inability to contact Mr. Grasmick did not prevent him from seeking information from his co-workers.  Plaintiff worked at Elko with other employees for two weeks prior to the incident.  Nothing prevented him from asking them where he could obtain his snow spikes or asking for another company contact.  Plaintiff's testimony makes it clear that he would not have availed himself of the option.  When asked whether he ever requested snow spikes or snow footwear from anyone at the company, Plaintiff answered "no." (ECF No. 29-3 at 73:10.)  In fact, Plaintiff stated that the thought never crossed his mind:

> You know, that never really crossed my mind. You know.  I thought I was fleet footed and agile. You know what I mean? You know.  I'm not going to fall or slip out here, you know. Good shape, military, you know.  It just never crossed my mind, honestly. Just never thought about it.

(ECF No. 29-3 at 73:15–21.)  Plaintiff worked in Elko for two weeks prior to the incident.  (Pl's Reply to Def's SUF, ECF No. 30-1 at ¶ 9.)  Plaintiff has continually argued that everyone was on notice as to the conditions due to the constant snow.  (ECF No. 30 at 16–17.)  Plaintiff saw that the other employees had snow spikes.  (Pl's Reply to Def's SUF, ECF No. 30-1 at ¶ 8.)  There was nothing that stopped Plaintiff from inquiring as to the appropriate contact person in Elko.  The truth of the matter is that Plaintiff didn't think he needed to avail himself of the option.  Had he done so, his injury could have been prevented.  The case law clearly dictates that "temporary conditions produced by the employee negligently using, or negligently failing to use, appliances provided by the employer, are not defects for which the employer is liable." *Atl. Coast Line R. Co.*, 189 F.2d at 527; *see also McGivern*, 132 F.2d at 217–18 (holding that a defendant who provided instruments or utensils to remove snow and ice was not liable for a plaintiff's accident where he failed to use such utensils).  An employer is not liable for failing to anticipate lack of care on the part of its employee.  *See Atl. Coast Line R. Co.*, 189 F.2d at 527; *McGivern*, 132 F.2d at 217.  Because Plaintiff failed to avail himself of the safety equipment provided by Defendant,

///

he cannot show negligence on the part of Defendant.  As such, Defendant's Motion for Summary Judgment (ECF No. 29) is GRANTED.

**IT IS SO ORDERED.**

Dated:  December 23, 2014

Troy L. Nunley
United States District Judge